NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000606
29-MAY-2015
08:44 AM

NO. CAAP-14-0000606

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ALAN S. TERASAKO, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTA-13-03174)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Alan S. Terasako (Terasako) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on February 25, 2014, in the District Court of the First Circuit, 'Ewa Division (district court). Terasako was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII) in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(4) (Supp. 2014).

On appeal, Terasako contends that the district court erred when it: (1) allowed the State to amend the complaint prior to trial to reflect the correct date of the offense; and (2) admitted into evidence his blood test results in violation of his Fourth and Fifth Amendment rights.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Terasako's points of error as follows and affirm.

The following facts were adduced at the February 25, 2014 bench trial. On July 12, 2013, after stopping Terasako for speeding, Officer Ikaika Aiu detected a strong odor of alcohol coming from Terasako, and asked him to participate in a standardized field sobriety test, which Terasako failed. Terasako then agreed to take a preliminary alcohol screening test, which he also failed. Terasako was arrested and transported to the police station, where he was read verbatim the "Use of Intoxicants While Operating a Vehicle Implied Consent for Testing" form (Implied Consent Form). Terasako signed the form, and initially chose to take a breath test. When he could not give a sufficient breath sample, Terasako elected to do a blood draw. The blood test showed Terasako had a blood alcohol concentration of 0.12 grams ethanol per 100cc of whole blood.

(1) Terasako contends that the district court erred by allowing the State to amend the complaint to reflect the correct date of the offense -- July 12, 2013, instead of July 4, 2013 -- because the amendment violated notice requirements under the Sixth Amendment and prejudiced his substantial rights in crafting an adequate defense.

Hawai'i Rules of Penal Procedure Rule 7(f)(1) provides that "[t]he court may permit a charge other than an indictment to be amended at any time before trial commences if substantial rights of the defendant are not prejudiced." Here, the date of the offense is not an essential element of the charge. See State v. Staley, 91 Hawai'i 275, 284, 982 P.2d 904, 913 (1999).

In addition, Terasako has not demonstrated any prejudice to his substantial rights as a result of the amendment to the charge. Terasako claims that his best defense under the original date would have been innocence whereas his defense under the amended date would have involved objecting to the inclusion of the blood test results. The district court, however, concluded that Terasako should have expected to defend against the amended offense given that the discovery packet was replete with the July 12, 2013 date, and Terasako admitted that no different witnesses or testimony would be presented because of

the amended date. Further, the State pointed out that Terasako had only one alleged OVUII offense, and he would not be confused that he would be defending against any other OVUII offense. Because the record demonstrates that Terasako knew, or should have known, that the wrong date was nothing more than a typographical error, amendment of the complaint did not cause any prejudice to him, and thus the district court properly exercised its discretion in permitting the amendment.

(2) As to Terasako's contention that the district court erred by admitting evidence of his blood test results on the grounds that his consent was coerced and he was not advised of his Miranda[1] rights, the issues raised by Terasako were considered and rejected by this court in State v. Won, 134 Hawai'i 59, 332 P.3d 661 (App. 2014), cert. granted No. SCWC-12-0000858, 2014 WL 2881259 (June 24, 2014). Based on the decision in Won, the district court did not err in admitting the results of Terasako's blood test into evidence.

Given that the results of Terasako's blood test established that he had a blood alcohol content of 0.12, he was properly convicted under HRS § 291E-61(a)(4).

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on February 25, 2014, in the District Court of the First Circuit, 'Ewa Division, is affirmed.

DATED: Honolulu, Hawai'i, May 29, 2015.

On the briefs:

Daniel Kawamoto
(Law Offices of Paul J. Cunney)
for Defendant-Appellant

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

3